UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL A. GEER,

        Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.
_____/

CIVIL ACTION NO. 08-12837

DISTRICT JUDGE GEORGE CARAM STEEH

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER**

Defendant's Motion for Protective Order Prohibiting Plaintiff's Discovery (Docket Entry No. 10) and Plaintiff's Motion to Compel Discovery (Docket Entry No. 11) are before the magistrate judge on an Order of Reference for hearing and determination. The parties appeared, by counsel, for hearing on March 5, 2009. The motions were taken under advisement, pending submission of supplemental briefs. Plaintiff's Supplemental Brief (Docket Entry No. 18) was submitted on March 12, 2009. Defendant's Supplemental Brief (Docket Entry No. 19) was filed on March 27, 2009.

Both motions are directed to Plaintiff's efforts to secure discovery in this Employee Retirement Income Security Act ("ERISA") action. Plaintiff's Complaint seeks judicial review, pursuant to 29 U.S.C. §1132(a)(1)(B), of Defendant's denial of benefits claimed by Plaintiff under a long term disability benefits program. Plaintiff has served Defendant with Interrogatories and document requests. Defendant's motion seeks a protective order prohibiting the requested discovery. Plaintiff's motion seeks a court order compelling Defendant to produce the requested information.

In <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), the Supreme Court held that, where a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "factor" in determining whether there was an abuse of discretion. The Court subsequently held, in <u>Metropolitan Life Insurance Co. v. Glenn</u>, 128 S.Ct. 2343 (2008), that the weighing process described in Firestone did not undermine the deferential standard of review. "Trust law continues to apply a deferential standard of review to the discretionary decision making of a conflicted trustee, while at the same time requiring the reviewing judge to take account of the conflict when determining whether the trustee, substantively or procedurally, has abused his discretion." 128 S.Ct. at 2350.

> Neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict. In principle, as we have said, conflicts are but one factor among many that a reviewing judge must take into account. Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts - which themselves vary in kind and in degree of seriousness - for us to come up with a one size - fits - all procedural system that is likely to promote fair and accurate review. Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be to costly for many of those who seek redress.
>
> We believe that <u>Firestone</u> means what the word "factor" implies. Namely, that when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one. This kind of review is no stranger to the judicial system. Not only trust law, but also administrative law, can ask judges to determine lawfulness by taking account of several different, often case-specific, factors, reaching a result by weighing all together.

2

> In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance. The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision making irrespective of whom the inaccuracy benefits.

Id., at 2351.

Our circuit has followed the Supreme Court's guidance in Firestone. It is well established that, where a single entity serves the dual role of decision maker as to which claims are compensable and as the payor of such claims, an incentive may exist to find against the claimant. Marks v. Newcourt Credit Group, 342 F.3d 444, 457 (6th Cir. 2003). Under such circumstances, "the potential for self-interested decision making is evident." University Hosps of Cleveland v. Emerson Elec. Co., 202 F.3d 839, 846 n.4 (6th Cir. 2000). "The 'possible conflict of interest' inherent in this situation 'should be taken into account as a factor in determining whether [an administrator's] decision was arbitrary and capricious.'" Id. (quoting Davis v. Kentucky Finance Co. Retirement Plan, 887 F.2d 689, 694 (6th Cir. 1989) (cert. denied, 495 U.S. 905 (1990).

The role of discovery in the process of weighing a conflict remains somewhat obscure. The general rule is that a court reviewing an ERISA benefits decision is limited to the evidence presented to the plan administrator. See Perry v. Simplicity Engineering, 900 F.2d 963 (6th Cir. 1990). Nonetheless, the Sixth Circuit has expanded the rule to a

3

limited extent. A district court may consider evidence outside of the administrative record, but only if that evidence is offered in support of a procedural challenge to the plan administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. Any prehearing discovery at the district court level must be limited to such challenges. Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 618 (6th Cir. 1989) (Gilman, Ryan concurring).

In Calvert v. Firstar Finance, Inc., 409 F.3d 286 (6th Cir. 2005), the court reversed a district court order affirming an administrator's denial of benefits. It did so based substantially upon the comparison of an administrator's expert file review and the objectively verifiable determinations of the Social Security Administration and the claimant's treating physician, all of which were part of the administrative record. The court also considered the administrator's conflict of interest, but did not comment upon the weight attributed to that factor. In a footnote, the opinion declared that:

> The court would have a better feel for the weight to accord this conflict of interest if Calvert had explored the issue through discovery. While Calvert's counsel asserted that it was his understanding that discovery is never permissible in an ERISA action premised upon a review of the administrative record, an exception to that rule exists where a plaintiff seeks to pursue a decision maker's bias. See e.g. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 618 (6th Cir. 1998) . . ..

409 F.3d at 293 n.2. While the footnote suggested that the claimant could (and should) have engaged in discovery, the court decided the case and mandated an award of benefits without requiring her to do so.

In Kalish v. Liberty Mutual/Liferty Life Assurance Company of Boston, 419 F.3d 501 (6th Cir. 2005), the court again reversed a district court judgment upholding an

administrator's denial of benefits. Judge Gilman drafted the opinion for a unanimous panel. As in Calvert, the reversal was based upon the court's analysis of the evidence in the administrative record, and no discovery had taken place at the district court level. The claimant had, however, raised the argument on appeal that an administrator's decision based on the work of a doctor in its employ must be viewed with scepticism. Judge Gilman noted the Supreme Court's observation that "physicians repeatedly retained by benefits plans may have an incentive to make a finding of 'not disabled' in order to save their employers['] money and preserve their own consulting arrangements." 419 F.3d at 507 (citing Black and Decker Disability Plan v. Nord, 538 U.S. 822, 832 (2003)). Nonetheless, the Sixth Circuit rejected the claimant's argument in Kalish, because she had "offered only conclusory allegations of bias," and no statistical evidence to suggest that the physician in question had consistently rendered opinions favorable to the administrator. Judge Gilman, citing the language in Calvert, again observed that the court would have had a better feel for the weight to be accorded a conflict of interest if the claimant had explored the matter through discovery.

Plaintiff appears to read Wilkins and Kalish as authority for a general right of discovery in cases involving an inherent decision maker/payor "conflict", or allegations of procedural due process denial and/or bias. Other Sixth Circuit cases suggest, however, that the right to discovery is conditioned upon a predicate showing of evidence supporting the due process/bias claims.

Defendant cites a number of ERISA cases from this circuit which addressed the issue of discovery under the exception established in Wilkins. In 2001, a benefits claimant sought discovery in a case in which the same entity was both the administrator of the plan

5

and the payor of benefits. The claimant relied upon the decision maker/payor conflict of interest as a justification for discovery. The court, however, denied discovery on the theory that the dual role gave rise to an irrebutable presumption that a conflict of interest existed, and thus there was no need for discovery of evidence to establish the presumption. Schey v. Unum Life Insurance Company of North America, 145 F.Supp. 2nd 919, 923 (2001). See also Wilson v. Unum Life Insurance Company of America, 2004 WL 2757914 (M.D. Tenn.).

In Osborne v. Hartford Life and Accident Insurance Co., 2004 WL 2905395 (W.D. Tenn.), a district court again addressed an ERISA claimant's request for discovery from a plan administrator which both determined eligibility for benefits and paid those benefits. The magistrate judge granted the administrator's motion for a protective order, finding that "[m]ere allegation of a conflict of interest . . . is not enough to justify limited discovery." She further found that the claimant had failed to point to any other evidence that would support his allegations of denial of due process and conflict of interest.

In Putney v. Medical Mutual of Ohio, 111 F.Appx. 803 (6th Cir. 2004), the Sixth Circuit affirmed a district court's denial of discovery to an ERISA plan participant where he provided no facts to support a claim that discovery might lead to evidence of bias or denial of due process. The court held that the mere allegation of bias is not sufficient to permit discovery under the Wilkins exception. Courts reached the same result in Likas v. Life Insurance Company of North America, 222 F.Appx. 481, 486 (6th Cir. 2007) and Huffaker v. Metropolitan Life Insurance Co., 271 F.Appx. 493, 503-504 (6th Cir. 2008). In the latter case, the court noted that, in Putney, "we determined that a claimant must make a predicate showing with respect to an alleged procedural violation to be granted further discovery.

6

I disagree with the cases supporting Defendant's position that the existence of an inherent decision maker/payor conflict, once established, renders discovery unnecessary. Both Supreme Court and Sixth Circuit cases have counseled that the effect of such a conflict must be "weighed" in determining whether a denial of benefits was arbitrary and capricious. It is true that the Supreme Court was satisfied, in Glenn, with the Sixth Circuit's employment of the conflict of interest as a tie-breaking factor, secondary in importance to more substantive and influential factual considerations. That is not to say, however, that a similar conflict must be weighed the same way in every case. On the contrary, the Court observed that, under appropriate circumstances, such a conflict "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." 128 S.Ct. at 2351. Glenn does not directly address the issue of discovery as a means of demonstrating circumstances relevant to assigning weight to a conflict, but it affirms prior doctrine that a meaningful weighing must occur. If a claimant can show that discovery will advance that process, it should not be denied.

I reject with equal force the proposition that an inherent decision maker/payor conflict automatically entitles a benefits claimant to discovery. Acceptance of that view would effectively eliminate the general rule against discovery in ERISA suits in a substantial proportion of such cases. I can scarcely imagine that any claimant's lawyer would fail to take advantage of a full blown, automatic right to discovery arising solely from the administrator's dual role. The Glenn decision declared that a conflict should prove more important where circumstances suggest a higher likelihood that it affected the benefits decision. I take those words to mean a higher likelihood of bias stemming from the conflict.

7

I am inclined to the view expressed in Putney v. Medical Mutual of Ohio, supra, and in Powell v. Hartford Financial Services, 2007 U.S. Dist. LEXIS 17311 (W.D. KY 2007) that discovery should be allowed where a plaintiff has provided sufficient initial facts suggesting a likelihood that probative evidence of bias or procedural deprivation would be developed. A similar result was reached by the court in Paul v. Hartford Life and Accident Insurance Co., 2008 U.S. LEXIS 59986 (D. Colo. 2008).  While I concede it to be a strange proposition that a claimant must have some evidence of bias before being allowed to seek such evidence in discovery, I am satisfied that an unconditional right to discovery, in the absence of some predicate showing that it is likely to be productive, would completely eviscerate the general rule against discovery in ERISA benefits review cases and undermine the well recognized legislative intent that the statute provide parties with a prompt and economical means of resolving disputes.

Plaintiff advances a number of arguments in support of her request for discovery. She maintains, for example, that Defendant's file reviewers rejected hundreds of pages of medical evidence. The administrative record upon which the Defendant's decision was made, however, is available for review. To the extent that insufficient regard was paid to material in the record, there is no need for discovery to demonstrate that lack of respect. Plaintiff offers no evidence that Defendant relied on documents which do not appear in the record. Nor does she establish that she was denied an opportunity to submit relevant medical evidence for Defendant's review.

Plaintiff also suggests that Defendant engaged in selective editing of videotaped surveillance of her activities. The suggestion is based upon the fact that only ten minutes of video was utilized from a thirty-six hour surveillance period. There is no evidence,

however, that more than ten minutes of her activities were taped.  Plaintiff further alleges that Defendant's handling of her claim did not meet its own standards for disability benefits decision making.  Once again, she offers no evidence to support the allegation.  The nature of the standards allegedly violated is not revealed.  In the absence of such information, her allegations of bias or due process violations are simply not supported.  Unsupported allegations will not warrant discovery.

Plaintiff seeks discovery regarding Defendant's utilization of the file reviewers and vendors who recommended denial of her claim.  She correctly cites Cooper v. Life Ins. Co. of North America, 489 F.3d 157 (6th Cir. 2007) for the proposition that the status of file reviewers *vis a vis* a plan administrator is a relevant factor to be considered in determining whether a denial of benefits was arbitrary and capricious.  In Powell v. Hartford Financial Services Group, 2007 U.S. Dist. LEXIS 17331, which is cited in Plaintiff's Supplemental Brief, a district judge upheld the order of a magistrate judge allowing discovery in an ERISA benefits denial case in which the claimant challenged the independence of the file reviewer.  The opinion cited Calvert v. Firstar in declaring that a reviewing court must factor an apparent conflict of interest into its analysis of a plan administrator's decision.  The court noted that the opinion in Calvert discussed the positive contribution that discovery would have made to its deliberation.  The claimant in Powell supported his request for discovery with a copy of a Westlaw search which disclosed that the administrator (Hartford) had used the services of the file reviewer (UDC) thirty-four times since 1998.  Hartford argued that the data failed to make a threshold showing of bias or a procedural defect.  Nonetheless the magistrate judge permitted discovery regarding the number of times Hartford had obtained a medical opinion concerning a claim for long term disability benefits through

UDC; the number of times UDC's opinion supported a decision to deny benefits; and the amount Hartford had paid UDC for opinions relating to long term disability claims. The district court judge found that the Westlaw study was a sufficient initial showing to support the discovery order.

In the case at bar, Plaintiff adopts the same position as the claimant in Powell, observing that the Defendant and the reviewing entity are the same in both cases. Plaintiff further relies upon Paul v. Hartford Life and Accident Insurance Co., 2008 U.S. LEXIS 59986 (D. Colo. 2008) wherein the court granted limited discovery on a conflict of interest issue based, in part, on a California market study of Hartford's claims practices. A copy of that study is an exhibit to Plaintiff's Supplemental Brief. Having examined Plaintiff's presentation, I conclude that it is sufficient to warrant limited discovery regarding the business relationship between Defendant and UDC in the context of disability claims file reviews and recommendations.

Plaintiff also makes a claim of bias and/or procedural violation based upon Defendant's alleged failure to consider the Social Security Administration finding of total disability and/or the medical evidence supporting that determination. She relies upon DeLisle v. Sun Life Assurance Co., 2009 U.S. App. LEXIS 4251 (6th Cir.). In that case, the terms of Sun Life's disability plan required that the claimant apply for Social Security Disability Benefits, and that she appeal any denial to all administrative levels Sun deemed necessary. Sun Life also received a financial offset from future liability based on DeLisle's Social Security Disability Benefits award. Nonetheless, none of the several denial letters issued to DeLisle mentioned her Social Security determination as a factor considered in reaching the benefits decision. Only one file reviewer even acknowledge the existence of

the Social Security determination. The Court of Appeals upheld the district court's decision that Sun's denial was arbitrary and capricious. The affirmance was based, in part, upon Sun's failure to acknowledge the Social Security disability determination.

> Even though Sun Life did not have the opinion accompanying the notice of reward, it still was well aware of the uniform federal standard that applies to Social Security claims. Sun Life's silence here does not make its denial arbitrary *per se*, but is among those "serious concerns" that, "taken with some degree of conflicting interests," provide a proper basis for concluding that the administrator abused its discretion.

DeLisle, 2009 U.S. App. LEXIS 4251 at *9.

In the instant case, Plaintiff asserts that Defendant required her to apply for Social Security Disability Insurance Benefits, and took a financial offset when she was awarded those benefits. Defendant does not contest those assertions. Defendant was certainly aware of the award if it took an offset for it. I am confident, as was the court in DeLisle, that Hartford was also aware of the standard applied in Social Security cases. The failure to address the Social Security award in making its own benefits decision does not render the denial arbitrary per se, but I find it sufficient, in concert with the decision maker/payor conflict of interest, to warrant limited discovery as to bias and/or procedural defect.

In summary, I am satisfied that Plaintiff should be afforded limited discovery with regard to the business relationship between Defendant and the persons upon whom it relied in reviewing Plaintiff's long term disability benefits claim. She should also be permitted to explore the history of claims made under the policy over the ten years preceding Plaintiff's claim.

IT IS THEREFORE ORDERED that Plaintiff's Motion is granted, and Defendant's Motion is denied, as to Interrogatories numbed 2, 4 and 8; and as to Document Request

number 5 (as to Plaintiff's claim only). Defendant's Motion is granted, and Plaintiff's Motion is denied as to Interrogatories numbered 1, 3, 5, 6 and 7; and as to Document Requests 1, 2, 3, 4, 6 and 7.

IT IS FURTHER ORDERED that Defendant shall provide full and complete written responses to those interrogatories and document requests as to which Plaintiff's Motion is granted, within twenty-one (21) days of the date of this Order.

                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: June 9, 2009

---

### CERTIFICATE OF SERVICE

I hereby certify on June 9, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 9, 2009: **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217